UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HOWARD JACKSON[1], | ) | |
|   Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 15-1410 |
| | ) | |
| PHYSICAL INJURY X-RAY, | ) | |
|   Defendant. | ) | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's complaint in this case is strikingly similar to another lawsuit he filed approximately one month earlier. On August 21, 2015, Plaintiff filed a complaint pursuant to 42 U.S.C. §1983 against unknown nurses at Pontiac Correctional Center. *See Howard v Nurses, et.al.,* Case No. 15-1352,[1]. The Plaintiff also named Pontiac, Big Muddy and Lawrence Correctional Centers as Defendants.  Plaintiff claimed he wanted an x-ray because his "privacy balls have a knot." *Howard v Nurses, et.al.,* Case No. 15-1352 (Comp, p. 4).  He attached a copy of a May 11, 2015 grievance, the response received, and some medical records. The case proceeded to a telephone merit review hearing pursuant to §1915A.  *See* September 15, 2015

---

[1] The Plaintiff listed his last name first on his complaint leading the Clerk of the Court to enter his name as Howard Jackson.  The court will direct the Clerk to correct the name in the docket.

1

Minute Entry.  After the hearing, an order was entered dismissing Plaintiff's case for failure to disclose his three strikes[2] status under 28 U.S.C.§1915(g) which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The court further noted Plaintiff was not in imminent danger since Plaintiff admitted he had suffered with the knot in his testicles since 2007and his medical records indicated he was receiving treatment. *See* September 24, 2015 Merit Review Order, p. 2.  Therefore, Plaintiff's case was dismissed on September 24, 2015. *See Howard v Nurses, et.al.,* Case No. 15-1352; September 24, 2015 Merit Review Order.

Four days later, Plaintiff filed his complaint in this case.  This time, Plaintiff admits he has acquired three strikes pursuant to§1915(g).  Plaintiff has again attached a copy of the May 11, 2015 grievance, the response received and a few medical records.  Plaintiff says he is "trying so hard to get the U.S. District Court's attention to come and give me an x-ray for testicles…" (Comp, p. 11).

The court also notes the United States District Court for the Southern District of Illinois has imposed a filing ban on the Plaintiff due to the numerous lawsuits he has filed concerning this exact same claim.  *See Howard v Isaacs*, Case No. 15-582, August 11, 2015 Order.  Plaintiff may not file any further lawsuits in the Southern District until his $1,789 in filing fees have been paid which he accumulated in five previous lawsuits asking for an x-ray of his "privacy balls" or testicles.  The Plaintiff was also repeatedly warned if he did not stop filing the same, frivolous

---

[2] *See Jackson v Isaacs*, Case No. 15-582 in the Southern District of Illinois dismissing Plaintiff's case on June 19, 2015 and outlining his litigation history.

lawsuit, the filling ban would be imposed, but Plaintiff was undeterred. *See Jackson v Kraznician*, Case No. 14-0007(Doc. 14, 17, 21); *Jackson v Lawrence Correctional Center,* Case No. 15-0082(Doc. 15); and, *Jackson v Duncan*, Case No. 15-0343 (Doc. 6) in the Southern District of Illinois.   Ten days after the filing ban was imposed, Plaintiff filed his first lawsuit alleging the exact same claim in the Central District of Illinois. *See Howard v Isaacs*, Case No. 15-582, August 11, 2015 Order; *Howard v Nurses, et.al.,* Case No. 15-1352, August 21, 2015 Complaint.

   Once again, the Plaintiff has failed to state a violation of his constitutional rights based on deliberate indifference to a serious medical condition.  First, Plaintiff has not identified a serious medical condition, just his claim that he has a knot in his testicles.  Second, even if the Plaintiff does suffer from a serious medical condition, he has failed to allege any specific Defendants were deliberately indifferent to that condition.  He simply repeats his claim that he wants an x-ray. The Eighth Amendment does not give prisoners the right to "demand specific care" or the "best care possible," but instead requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v Edgar*, 112 F. 3d 262, 267 (7th Cir. 1997).  The Plaintiff has not identified any potential harm and the mere disagreement with a physician's chosen course of medical treatment does not amount to deliberate indifference. *See Ciarpaglini v Saini*, 352 F.3d 328, 331 (7th Cir 2003).   In addition, the Plaintiff does not allege, nor has he ever attached any medical record suggesting an x-ray has been recommended or is a proper diagnostic test for his complaints.  Instead, the Southern District recently noted the "Plaintiff's testicles were examined, no knot was found, and the recommended treatment was refused by the Plaintiff." *Jackson v Duncan*, Case No. 15-343, April 21, 2015 Order, p. 4.

Finally, even if the Plaintiff has alleged a constitutional violation, once again he has not demonstrated he is in the type of danger which would allow him to proceed in forma pauperis. The inquiry into whether a claim fits this exception is obviously two-pronged. The first prong is whether the harm the Plaintiff is alleging is imminent.  The Seventh Circuit has construed this prong of the exception narrowly, holding that it is "an escape hatch for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Heimermann v Litxcher,* 337 F3d 781 (7th Cir. 2003) *citing Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).   The harm must be occurring "at the time the complaint is filed." *Ciarpagini v. Saini,* 352 F3d 328, 330 (7th Cir. 2003).  The second prong of the imminent danger inquiry has to do with what qualifies as "danger."  The statute says the danger must be of "serious physical injury." 28 U.S.C. § 1915(g). Finally, the Seventh Circuit has recognized that courts should deny leave to proceed *in forma pauperis* "when prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpagini,* 352 F3d at 330.   The Plaintiff clearly is not in imminent danger since he has had the same condition for eight years, there is no indication he faces any danger, and he has received medical care.

The Plaintiff's repeated lawsuits alleging the exact same claim are verging on harassment and tax the resources of the court system.   Therefore, the Plaintiff's complaint will be dismissed with prejudice for failure to state a claim upon which relief can be granted  The dismissal will count as another strike for purposes of §1915(g).  Further, if Plaintiff continues to file further, repetitive and frivolous litigation, he may also face a filing ban in the Central District of Illinois. *See Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995); *Howard v Isaacs*, Case No. 15-582.

IT IS THEREFORE ORDERED that:

1) Plaintiff's motion to proceed in forma pauperis is denied [3] as he has previously earned three strikes pursuant to 28 U.S.C. Section 1915(g).

2) The Plaintiff's complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.  This case is closed.

3) This dismissal shall count as another strike pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

4) Plaintiff must still pay the full docketing fee of $400 even though his case has been dismissed.

5) The Clerk of the Court is to correct the Plaintiff's name in the record to Jackson Howard.

6) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

7)  Plaintiff is admonished further repetitive and frivolous litigation will result in a filing ban in the Central District of Illinois. *See Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995).

Entered this 5th day of January, 2016.

/s/ Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE